Mr. Frank B. Watson, Jr. City Attorney City of Fort Myers Post Office Drawer 2217 Fort Myers, Florida 33902
Dear Mr. Watson:
This is in response to your request for an opinion on substantially the following question:
 IS A REFERENDUM REQUIRED TO AMEND THE CHARTER OF FORT MYERS TO REMOVE THE REQUIREMENT THAT `ALL CHECKS FOR DELIVERY OF CITY FUNDS MUST BE APPROVED BY THE CITY COUNCIL BEFORE DELIVERY,' OR MAY THIS AMENDMENT BE ACCOMPLISHED BY ORDINANCE?
Section 32(a) of Ch. 57-1326, Laws of Florida, as amended, the Charter of the City of Fort Myers, provides:
All checks for the disbursal of City funds must be approved by the city council before delivery. Any officer or committee who shall pay or cause to be paid any account or claim contrary to the foregoing provision shall be liable to the city for all loss and damage it may sustain by reason thereof, and shall also be deemed guilty of an offense against the city and liable to a fine, or imprisonment, or both as provided in this Charter for offenses against the city, and recovery may be had by the city against the said official for the full amount of the loss or damage against his offical bond to the loss or damage against his official bond to the extent thereof. (e.s.)
You with to know if this requirement of check approval prior to actual delivery by the disbursing officials or employees may be deleted or removed by ordinance, or if it is a type of change contemplated by s 166.021(4), F.S., that necessitates a referendum of the electors as provided in s 166.031, F.S. In 1973, by Ch. 73-129, Laws of Florida, the State Legislature enacted the Municipal Home Rule Powers Act, Ch. 166, F.S., which granted to municipalities broad home rule powers. For example, s 166.021(1), F.S., of the act, among other things, provides that municipalities `may exercise any power for municipal purposes, except when expressly prohibited by law.' Section 166.021(4), F.S., further provides that the provisions of s 166.021 shall be construed so as to secure for municipalities the broad exercise of home rule powers granted by the Constitution, and to extend to municipalities the exercise of powers for municipal purposes not expressly prohibited by the Constitution, general or special law, or in charter counties by the county charter, and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited. Subsection (5) provides that `[a]ll existing special acts pertaining exclusively to the power or jurisdiction of a particular municipality except as otherwise provided in subsection(4) shall become an ordinance of that municipality on the effective date of this act, subject to modification or repeal as other ordinances.' (e.s.) The exception contained in subsection (4), pertinent to your inquiry, provides that `nothing in this act shall be construed to permit any changes in a special law or municipal charter which affect . . . the distribution of powers among elected officers . . . without approval by referendum of the electors as provided in s. 166.031.' Thus, the question is whether the check delivery approval procedure required by the charter constitutes a `distribution of powers among elected officers' within the scope of and for the purposes of s 166.021(4), F.S., or is it a check retained by the legislative branch of the city on the administrative or executive officers and employees of the city which may be relinquished by ordinance of the city council.
The elected officers of the city are the mayor and the councilmen. Section 10, Art. II, Ch. 57-1326. The mayor is the executive and administrative head of the city government. Section 12, Art. II, Ch. 57-1326. The mayor has the duty to sign all warrants, checks or claims for the payment of money by the city, which must be countersigned by the city clerk. Section 13(h), Art. II, Ch. 57-1326. The city clerk is an appointive officer. Section 14, Art. II, Ch. 57-1326. The legislative power of the city is vested in the city council. Section 15, Art. II, Ch. 57-1326. The modification of s 32(a), Art. III, Ch. 57-1326 by ordinance so as to delete or remove the requirement of check approval by the legislative body of the city prior to the actual delivery of such checks by the administrative or executive disbursing officials or employees of the city would not operate to affect or take away or transfer any power from the mayor. The checks still would be required to be signed by the mayor and countersigned by the city clerk but upon such signature and countersignature, the fiscal, purchasing and disbursing officials and employees of the administrative or executive department of the city would be free to make actual delivery of the checks. The accounting authority and duty of the city clerk ( see, s 20, Art. II, Ch. 57-1326) would not be affected. The legislative body of the city would simply relinquish its function and power of check delivery approval, which is in the nature of a check and balance on the administrative or executive officers and employees of the city. No power possessed by the elected mayor (nor function or power vested in the city clerk or any other appointive officials of the city) would be affected in any manner. In this context and perspective of the relationship between the legislative body of the city and the administrative or executive department of the city, I am of the view that the relinquishment of the city council's check delivery approval function would not affect or constitute a change in the `distribution of powers among elected officers' within the scope and for the purposes of s 166.021(4), F.S. Therefore, no referendum approval by the electors would *3249 be required to amend s 32(a), Art. III, Ch. 57-1326 by ordinance so as to delete or remove such requirement from the city charter or the ordinances of the city.
In summary, it is my opinion that the requirement contained in the charter (or ordinances) of the City of Fort Myers that all checks for delivery of city funds must be approved by the city council before delivery constitutes a function or power in the nature of a check-and-balance type of power possessed by the city council as a body and is a check upon the administrative or executive officers and employees of the city and is not a `distribution of powers among elected officers' of the city within the scope or for purposes of s 166.021(4), F.S. Since no function or power of the elected executive and administrative head of the city government or any other elected or appointive officer of the city would be affected by the amendment or repeal of such charter (or ordinance) provision or requirement, it may be amended or repealed by ordinance without a referendum of the electors approving such amendment or repeal.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General